# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROSALES, | CASE NO.  1:10-cv-02402-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| J. WALKER, et al., | (Doc. 12) |
| Defendants. | THIRD AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

_____/

## I.   Procedural History

Francisco Rosales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983.  On December 28, 2010, Plaintiff filed his original complaint.  Doc. 1.  On March 25, 2011, Plaintiff filed an amended complaint which the Court screened and dismissed with leave to amend.  Doc. 10.  On September 27, 2012, Plaintiff filed a second amended complaint which is currently before this Court.  Doc. 12.

## II.   Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

1  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

2  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

3  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

4  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6  which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in

7  support of the claim or claims that would entitle him to relief.  *See Hishon v. King & Spalding*, 467

8  U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v.*

9  *United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898

10 (9th Cir. 1986).  In determining whether to dismiss an action, the Court must accept as true the

11 allegations of the complaint in question, and construe the pleading in the light most favorable to the

12 plaintiff, and resolve all doubts in the plaintiff's favor.  *Jenkins v. McKeithen*, 395 U.S. 411, 421-22

13 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

14

15 **III.    Plaintiff's Complaint**

16      Plaintiff is currently a state prisoner at the California Substance Abuse Treatment Facility

17 (CSATF) in Corcoran, California.  The events central to Plaintiff's complaint occurred while he was

18 at prisoner at CSATF.  Doc. 10.  In the complaint, Plaintiff names the following individuals as

19 defendants in this action: 1) J. Walker (Chief Appeals Coordinator at CSATF); 2) S. Umi Hene; 3)

20 G. Miller (Healthcare Coordinator at CSATF); 4) C. Arnold (R.N.); 5) A. Enenmoh (Chief Medical

21 Officer at CSATF); 6) M. Crum (Health Care Coordinator at CSATF); 7) Allison (Warden at

22 CSATF); 8) Taylor (Correctional Officer at CSATF) and; 9) Sanchez (Correctional Officer at

23 CSATF). Doc. 12 at 2-3.  Plaintiff seeks that his habeas claim be granted and injunctive relief.  Doc.

24 12 at 3.

25      Plaintiff alleges that Defendants Sanchez and Taylor crushed Plaintiff in a cell gate at SATF

26 and refused to allow Plaintiff medical treatment.  Doc. 12 at 3; Doc. 1 at 9 (Exhibit wherein Plaintiff

27 states that an officer closed a gate door and Plaintiff was caught between the door and door frame).

28 When Plaintiff requested medical treatment he was sent to the B yard medical clinic where he was

1   denied medical treatment by Defendant Arnold.  Doc. 12 at 3.  Then Defendant Walker denied

2   Plaintiff's inmate appeal.  Also Defendant Hene and Miller denied medical care.  Doc. 12 at 3.  And

3   Defendant Enenmoh denied his medical appeal.  Doc. 12 at 3.

4

5   **IV.    Plaintiff's Claims**

6       **A.    Eighth Amendment Deliberate Indifference of medical treatment**

7       "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

8   must show 'deliberate indifference to serious medical needs.'"  *Jett v. Penner*, 439 F.3d 1091, 1096

9   (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part

10  test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

11  demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or

12  the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was

13  deliberately indifferent."  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059

14  (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th

15  Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a

16  purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused

17  by the indifference."  *Id.* (citing *McGuckin*, 974 F.2d at 1060).

18      "Mere negligence in diagnosing or treating a medical condition, without more, does not

19  violate a prisoner's Eighth Amendment rights."  *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000)

20  (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks

21  omitted).  Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant

22  personally participated in the deprivation of his rights.  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49

23  (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of

24  Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may

25  not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct.

26  at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated

27  in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v.

28  List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir.

2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1.    Analysis

Plaintiff's vague and conclusory assertions that Defendants Arnold, Walker, Hene, Miller and Enenmoh denied medical treatment and his medical appeals is insufficient to state an Eighth Amendment claim for deliberate indifference of a serious medical need.

### B.    Eighth Amendment Excessive Force

The Eighth Amendment prohibits prison officials from using "excessive physical force against inmates." *Farmer v. Brennan*, 511 U.S. 825 (1994); *Hoptowit v. Ray*, 682 F.2d 1237, 1246, 1250 (9th Cir.1982). "Being violently assaulted in prison is simply not 'part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer*, 511 U.S. at 834, (*quoting Rhodes*, 452 U.S. at 347).

Although the Eighth Amendment protects against cruel and unusual punishment, this does not mean that federal courts can or should interfere whenever prisoners are inconvenienced or suffer *de minimis* injuries. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (Eighth Amendment excludes from constitutional recognition *de minimis* uses of force). For claims of excessive physical force, the issue is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 7. The malicious and sadistic use

of force to cause harm always violates contemporary standards of decency, regardless of whether

significant injury is evident. *Hudson*, 503 U.S. at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th

Cir.2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de*

*minimis* injuries)). "Injury and force . . . are only imperfectly correlated, and it is the latter that

ultimately counts. An inmate who is gratuitously beaten by guards does not lose his ability to pursue

an excessive force claim merely because he has the good fortune to escape without serious injury."

*Wilkins v. Gaddy*, 130 S.Ct. 1175, 1178-79 (2010). However, not "every malevolent touch by a

prison guard gives rise to a federal cause of action." *Hudson* at 9.

### 1. Analysis

Plaintiff alleges that Defendants Sanchez and Taylor crushed Plaintiff in a cell gate. Plaintiff

does not explain whether the actions of Defendants Sanchez were intentional. Therefore, Plaintiff

fails to state an Eighth Amendment excessive force claim.

### C. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution .
> . . shall be liable to the party injured in an action at law, suit in equity,
> or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the

actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell*

*v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The

Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right,

within the meaning of section 1983, if he does an affirmative act, participates in another's

affirmative acts or omits to perform an act which he is legally required to do that causes the

deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In

order to state a claim for relief under section 1983, Plaintiff must link each named defendant with

some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1. Analysis

Although Plaintiff lists Defendants Crum and Allison as Defendants, Plaintiff fails to explain

what specific act or omission each defendant did to cause the constitutional deprivation. If Plaintiff chooses to amend his complaint, Plaintiff should specify, for example, what each defendant did to him, how did each defendant know about Plaintiff's medical needs, on what dates did they know, on what dates was Plaintiff treated, what was the medical need, how was Plaintiff's medical condition addressed.

### D.     Rule 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct, *Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.

### 1.     Analysis

The complaint is generally legal conclusions that it fail to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

## V.    Conclusions and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each

6

named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a civil rights complaint form;

2.      Plaintiff's complaint, filed September 27, 2012, is dismissed for failure to state a claim upon which relief may be granted;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:    October 22, 2012

UNITED STATES MAGISTRATE JUDGE