# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO ROSALES,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>J. WALKER, et al.,<br><br>　　　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02402-GBC (PC)<br><br>ORDER DISMISSING ACTION WITH PREJUDICE FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 14) |

## I.　Procedural History

Francisco Rosales ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On December 28, 2010, Plaintiff filed his original complaint. Doc. 1. On March 25, 2011, Plaintiff filed an amended complaint which the Court screened and dismissed with leave to amend. Doc. 10. On September 27, 2012, Plaintiff filed a second amended complaint. Doc. 12. On October 23, 2012, the Court dismissed with leave to amend. Doc. 13. On November 15, 2012, Plaintiff filed a third amended complaint which is currently before the court. Doc. 14.

## II.　Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

**III.   Plaintiff's Complaint**

Plaintiff is currently a state prisoner at the California Substance Abuse Treatment Facility (CSATF) in Corcoran, California. The events central to Plaintiff's complaint occurred while he was at prisoner at CSATF. Doc. 14. In the complaint, Plaintiff names the following individuals as defendants ("Defendants") in this action: 1) J. Walker (Chief Appeals Coordinator at CSATF); 2) S. Umi Hene (at CSATF); 3) G. Miller (Healthcare Coordinator at CSATF); 4) C. Arnold (R.N. at CSATF); 5) A. Enenmoh (Chief Medical Officer at CSATF); 6) M. Crum (Health Care Coordinator at CSATF); 7) Allison (Warden at CSATF); 8) Taylor (Correctional Officer at CSATF) and; 9) Sanchez (Correctional Officer at CSATF). Doc. 14 at 2-3. Plaintiff seeks injunctive relief. Doc. 14 at 3.

According to Plaintiff, all of the named defendants failed to give Plaintiff adequate medical treatment and care after Plaintiff was hurt in the grill gate. Doc. 14 at 3. Plaintiff alleges that Defendants Sanchez and Taylor saw that Plaintiff got caught in the grill gate but did not call for medical help until Plaintiff complained of his shoulder. Doc. 14 at 3. Then Defendants Hene and

1  Miller only gave Plaintiff a visual exam. Doc. 14 at 3. After Plaintiff submitted a form 602
2  grievance regarding not getting an MRI exam, Defendant Arnold gave Plaintiff another visual exam
3  of the right shoulder. Doc. 14 at 3. After being denied an MRI, Plaintiff resubmitted another form
4  602 grievance to the appeals coordinator to request an MRI of his shoulder. Doc. 14 at 3. Defendant
5  Enemoh denied Plaintiff's appeal. Doc. 14 at 3.

**IV.    Plaintiff's Claims**

    **A.    Eighth Amendment**

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted). Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934. Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v.*

*List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1. Analysis

Plaintiff's vague and conclusory assertions that Defendants denied medical care to Plaintiff is insufficient to state a claim. Given that Defendants Sanchez and Taylor sought medical help when Plaintiff informed them of his injury, Defendants Sanchez and Taylor were not deliberately indifferent. Defendants Hene, Miller and Arnold were not deliberately indifferent when they gave Plaintiff a visual exam although Plaintiff insisted on having an MRI. Plaintiff's insistence that he should have an M.R.I. rather than an x-ray amounts to a difference in medical opinion which also fails to state a claim. Based on the allegations, Plaintiff fails to state an Eighth Amendment claim for deliberate indifference of a serious medical need.

As Plaintiff fails to state an underlying Eighth Amendment claim, Plaintiff fails to state a claim against Defendant Enemoh for failing to correct the alleged Eighth Amendment deprivation. Defendant Enemoh's actions in responding to Plaintiff's appeals alone cannot give rise to any claims for relief under Section 1983. A prison review procedure is a procedural right only, it does not confer any substantive right upon the inmates. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance

procedure confers no liberty interest on prisoner); *Glenn v. McGrath*, 368 Fed.Appx. 800 (9th Cir. 2010) (unpublished).

### B.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

#### 1.   Analysis

Although Plaintiff lists several defendants Plaintiff fails to explain what specific act or omission Defendants Crum, Allison and Walker did to cause the constitutional deprivation and thus fails to state a claim against these defendants.

### C.   Rule 8

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). Facial plausibility demands more than the mere possibility that a defendant committed misconduct,

*Iqbal* at 1950, and while factual allegations are accepted as true, legal conclusions are not, *id.* at 1949.

### 1. Analysis

Plaintiff generally alleges that all the listed defendants have denied Plaintiff adequate medical treatment and such an allegation fails to comply with Rule 8(a).  Plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the Court and Defendants are readily able to understand the claims. *Bautista v. Los Angeles County*, 216 F.3d 837, 840-41 (9th Cir. 2000).

### V. Conclusions and Order

The Court finds that Plaintiff's third amended complaint filed on November 15, 2012, fails to state any Section 1983 claims upon which relief may be granted against the named defendant. Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires."  In addition, "[l]eave to amend should be granted if it appears at all possible that the plaintiff can correct the defect." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal citations omitted).  However, in this action, Plaintiff filed two complaints and received substantial guidance from the Court in its screening orders.  Doc. 11; Doc. 13.  The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore orders that further leave to amend not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

Accordingly, the Court HEREBY ORDERS that this action be DISMISSED in its entirety, WITH PREJUDICE, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   December 14, 2012

UNITED STATES MAGISTRATE JUDGE